## BLANCE *vs.* GOODNOW.

1. Where D. delivered to G. certain promissory notes unsigned, and
G. gave to him a written contract stating that they were received
as collateral and agreeing that upon the payment by D. of certain
debts that he (G.) would deliver to D. the notes signed by himself
and associates, or in default of payment by D, he would collect
enough to pay the debts and turn over balance to D. such a con-
tract did not amount to a promise to pay money, so as to form the
basis of an action therefor.

(*a.*) On compliance with the condition precedent, trover to recover
actual possession, or a bill for specific performance, would lie.

2. A parol purchase of lands is obnoxious to the statute of frauds.

Contracts.    Debtor   and   Creditor.    Titles.    Before
Judge HILLYER.    Fulton Superior Court.    April Term,
1881.

Reported in the decision.

E. N. BROYLES, by brief, for plaintiff in error.

JULIUS L. BROWN; WM. T. NEWMAN, for defendant.

SPEER, Justice.

This was a suit brought by plaintiff in error in com
plaint to recover the sum of $7,500.00, besides interest.
There were several counts in the declaration.

The first was to recover $7,500.00, with interest, on a
written promise to pay, and due. in three instalments as
follows, to-wit:   One instalment of $3,500.00, due January

10th, 1874; one other instalment of a like sum, due July 10th, 1874, and the other instalment of $500.00 due January 10th, 1875, which sums of money he refuses to pay; which promise was made to Jas. F. Dever, and by him assigned to plaintiff for value.

The second count is for a like sum of $7,500.00, besides interest, on an account, as will appear by a bill of particulars annexed, which defendant refuses to pay, which account was originally due and payable to Jas. F. Dever, and afterwards, to-wit, on July 31st, 1873, was duly transferred and assigned by Dever to plaintiff for value.

The third count alleged that on the 31st day of July, 1873, the said defendant, for the consideration hereinafter stated, undertook and promised said Jas. F. Dever in writing within sixty days from said date to execute and deliver to said Dever, for his use, three several promissory notes, each to bear date July 10th, 1873, signed by said William Goodnow and his associates, no names of associates being given, one of said notes to be for $3,500.00, and to become due at six months from its date; one other note for $3,500.00, and to become due twelve months from its date, and one for $500.00, to become due at eighteen months from its date, the consideration of which said promise was the purchase money of the right and interest which the said Dever then owned and had, the same being an undivided half interest in and to lots of land No. 926, 927 and 7 acres of lot 924, all in the 21st district of the — section of said county of Polk, said seven acres being the southwest corner of said lot 924, which interest of said Dever was then and there sold by said Dever to said Goodnow. Plaintiff further says that said defendant wholly failed and refused to execute or deliver either of said notes to said Dever, or for his use, within the said sixty days, and has so failed and refused to do so till this date, though often requested so to do. Defendant was requested to execute said notes by plaintiff and his attorney on the — day of August, 1874, by reason of which

failure and refusal plaintiff saith that said defendant then and there, to-wit, on the expiration of said sixty days from the 31st day of July, 1873, became liable and bound to pay the said Dever the several sums of money aforesaid, for which several notes are to be given as aforesaid, and yet though so indebted and liable, the said defendant fails and refuses to pay said sums or either of them, which said written promise said Dever has assigned to plaintiff for a valuable consideration.

Further, plaintiff alleges that heretofore, to-wit, on July 31st, 1873, said defendant in writing promised said James F. Dever, within a reasonable time from said date, to make and execute to said Dever the said three notes described in the count next immediately preceding this for the consideration in said last named count mentioned; said defendant by said contract, when said notes should be made, was to hold the same as collateral security to a note for $1,200.00, made by said Dever to said defendant, dated July 31st, 1873, and due sixty days after date. By said contract, if said defendant paid said $1,200.00 note and the sum of $320.00 to O. A. Lochrane, then said defendant was to turn over said notes to said Dever, and on said Dever's failure to pay said $1,200.00 note and the sum of $320.00 to said Lochrane, said defendant was to collect enough from said three notes so to be made as aforesaid to pay said $1,200.00 note and said Lochrane, and to turn over balance cash and notes to him, said Dever or to his order. Plaintiff avers that had said Goodnow complied with his said contract in giving said three notes, the defendant could, by reasonable diligence, long ere this have collected from the same enough to have paid off said $1,200.00 and the said sum of $320.00 to said Lochrane. But it is the fault and neglect of defendant to comply with his said contract, that the said notes have not been executed, although a reasonable time has long since passed. Plaintiff by his attorney, on August —, 1874, demanded of defendant the execution of said note; and

that no money has been collected on said note, and by which default and neglect of defendant the said defendant has become liable to pay said sums of money, amounting to the sum of $7,500.00, besides interest, and which said promise the said Dever afterwards assigned to plaintiff, whereby defendant became liable to plaintiff, etc.

The copy of the contract sued on was in the following words :

"ATLANTA, July 31, 1873.

Received from J. F. Dever, three notes as follows : Two notes dated tenth day of July, 1873, and due respectively at six months and twelve months from date, for $3,500.00 each ; one note of same date for $500.00, due at eighteen months after date, which notes I hold collateral to a loan of $1,200.00, on his note dated July 31, 1873, and due at sixty days after date; if Dever shall pay his note then, I am to turn over said note to him—on his paying said note and $320.00 going to O. A. Lochrane, and on failure I am to collect enough to pay said note and said Lochrane, and then said balance cash and note to him or his order. (Signed)       WILLIAM GOODNOW."

"The three notes above referred to are to be signed by William Goodnow and his associates.       WILLIAM GOODNOW."

CREDIT.

" Received on the within of William Goodnow, two hundred dollars,. February 26th, 1874.       JOSEPH A. BLANCE, *Attorney at law for J. F. Dever.*"

COPY OF ASSIGNMENT.

"For value received, I assign the within, all my right and interest connected with and growing out of the same, to Joseph A. Blance. (Signed)       JAMES F. DEVÉR."

There was also attached to said declaration a copy of a bill of particulars setting forth that the defendant was indebted to plaintiff for part purchase money of said land described, amounting to $7,500, with an assignment thereof by Dever to Blance.

To this declaration defendant filed several pleas, to which a demurrer was made and overruled: but under our view of the case it is unnecessary to consider them.

When the plaintiff had closed his testimony, the de-fendant moved a nonsuit, which the court allowed, and plaintiff excepted.

Was the court right in granting this nonsuit under the evidence? Could a recovery be had upon this paper sued upon as a money demand? Was there any promise or undertaking on the part of the defendant and his associates to pay the plaintiff the amount or any amount of money unconditionally?

It may be noted from the whole paper that it was in the hands of Goodnow as a collateral, to secure him for a note of twelve hundred dollars due him by Dever, and the legal condition of the contract was that that amount must be paid or tendered to Goodnow, before any recovery could be had on the paper itself as a money demand.

But apart from this obstacle, what was the undertaking of Goodnow? It was, if Dever should pay his note, then "I am to turn over said notes to him, on his paying said note and three hundred and twenty dollars going to O. A. Lochrane; and on failure, I am to collect enough to pay said note and said Lochrane, and turn over balance cash and note to him or his order. The three notes above referred to are to be signed by William Goodnow and his associates."

It appears from the contract that the notes for which defendant is sought to be made liable were never signed, either by Goodnow or his associates; but there was an agreement, on condition that Dever paid the twelve hundred dollar note to Goodnow and the three hundred and twenty dollars to O. A. Lochrane, then he, Goodnow, and his associates were to sign the notes and become liable.

The count declared on and founded upon a bill of particulars attached, for the purchase money of land, would be obnoxious to the statute of frauds, and void as being a contract not in writing, the same appearing to be for the sale of an interest in lands. Code, §1950.

While we hold that no recovery could be had on this

paper as a money demand, as set forth, we do not say that the payee or owner might not have redress in equity for a specific performance, or by suit in trover; but in either case a demand and refusal must have been averred and proved, and also payment or a tender of the money due Goodnow and Lochrane, in conformity with the terms of the contract.

Let the judgment of the court awarding the nonsuit be affirmed.